**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| EQUAL EMPLOYMENT * <br> OPPORTUNITY COMMISSION * <br> * <br>     Plaintiff * <br> v. * <br> * <br> COMMONWEALTH OF * <br> PUERTO RICO, et al. * <br> * <br>     Defendants * <br> ********************************* | Civil No. 04-2030(SEC) |

**OPINION AND ORDER**

Pending before the Court are Plaintiff's unopposed motion for reconsideration (Docket #94) and Defendants' like motion (Docket # 95). Plaintiff opposed Defendant's motion (Docket # 96). After reviewing the parties' filings and the applicable law, Defendants' motion for reconsideration will be **DENIED** and Plaintiff's motion will be **GRANTED.**

**Standard of Review:**

FED. R. CIV. P. 59(e) allows a party, within ten (10) days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)). Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence". F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing, Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). As such, Rule 59(e) "is aimed at reconsideration, [and] not initial consideration, and thus is not a proper mechanism to advance arguments that should have been presented before judgment was

entered, but were not." Berríos-Berríos v. Puerto Rico, 205 F. Supp. 2d 1, 2 (D.P.R. 2002)(citing, Jorge Rivera-Surillo & Co., Inc. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)).

Furthermore, "a motion for reconsideration may not be used by [a] losing party . . . to repeat old arguments previously considered and rejected by the Court." Id. (citing Standard Química de Venezuela, C.A. v. Central Hispano Int'l, Inc., 189 F.R.D. 202, 205 (D.P.R. 1999) (citing Nat'l Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990) (internal quotations omitted)).

**Factual, procedural background and analysis:**

On March 14, 2007, the Court entered partial summary judgment on the issue of liability in favor of the EEOC. A more detailed factual and procedural background may be found in said opinion. see, Docket # 93. There, the Court concluded that Law 447 of May 15, 1951 (hereinafter Law 447) was discriminatory and violated the Age Discrimination in the Employment Act, 29 U.S.C.A. § 623(a)(1) (hereinafter the ADEA) insofar as it did not allow governmental employees 55 and older, otherwise qualified, to become a member of the retirement system created by said law merely on the basis of age (hereinafter the maximum age requirement). Said determination was based on the enactment of the Older Worker Benefit Protection Act of October 19, 1990 (hereinafter OWBPA) which amended the ADEA's definition of compensation to comprise employment retirement benefits, and was made applicable to states as of October 16, 1992. See, Docket # 93. By enacting the OWBPA, Congress prohibited age-based discrimination in retirement benefits which were not cost justified.

Consistent with the above, the Court further determined that the amendment to Law 447, to wit, Law 255 of December 28, 1995, 3 Laws of P.R. Ann. § 761 *et seq.* (hereinafter Law 255) did not cure the discriminatory treatment caused by Law 447, because it required the affected employees to pay both their contributions to the retirement system as well as the employer's share of contributions in order to obtain credit for the years of service lost as a

result of the discriminatory practice (hereinafter the contributions requirement). To the contrary, the Court concluded that the contributions requirement was also discriminatory and ran afoul of the ADEA.

Because the Court found both laws to be discriminatory, it ordered Defendants to allow employees affected by the maximum age requirement to obtain credit for the years of service lost by only paying their share of the contributions. Moreover, the Court ordered Defendants to (1) reimburse the amount paid by the discriminated employees because of the contributions requirement (that is, the employer's share of contributions to the retirement system), (2) make the contributions themselves as to the employees affected by the maximum age requirement who wanted to buy back the lost years of creditable service and (3) re-calculate a new retirement pension for those employees who retired and whose pension did not take into account the years of creditable service lost as a result of the maximum age requirement. However, we concluded that employees hired after the enactment of the OWBPA, namely, after October 16, 1992, and who retired before December 28, 1995 (effective date of Law 255), which we defined as *former employees* in the March 14th Opinion and Order, were not entitled to remedy because they would not accrue, prior to retiring, ten years of minimum creditable service which is required for them to have a right to a retirement pension. See, 3 Laws of P.R. Ann. § 766.

Plaintiff now moves the Court to reconsider this last determination arguing that the group of former employees for which they were seeking relief is broader than the definition provided by the Court in the March 14th opinion. Plaintiff avers that the complaint sought relief for "employees who entered public service at age 55 or older before [December 28, 1995], and who left public service between October 16, 1992 (date of enactment of the OWBPA) and December 28, 1995, but who otherwise could have satisfied the requirements for a retirement benefit under Puerto Rico law." As such, the EEOC argues that its motion for summary judgment should be granted also as to this group of employees.

4

Plaintiff does not contend that the protection of the OWBPA should extend to any period of time preceding October 16, 1992. Neither does it argue that the requirement to accrue 10 years of service prior to be entitled to pension benefits does not apply to these employees. It merely argues that said employees should be allowed to obtain credit for the years of creditable service between October 16, 1992 and their retirement date if they become employees of the government in the future and would like to buy back those years. As to the years before October 16, 1992, Plaintiff argues that these employees can obtain credit by paying both the employer and the employee's share of contributions pursuant to 3 L.P.R.A. § 765(e)(19).

In the March 14th Opinion and Order, the Court enjoined Defendants from requiring a discriminated employee to pay for both his share of the contributions as well as the employer's, so long as this distinction was age-based. We defined discriminated employees as any employee who (1) after October 16, 1992, and prior to December 28, 1995, was not allowed to become a member of the retirement system because of the maximum age requirement (55 years), and (2) who, after December 28, 1995, was required to pay **both** the employee's and the employer's share of the contributions to the retirement system in order to buy back the lost years of creditable service. The Court denied Plaintiff's request for summary judgment as to former employees but it limited its ruling to the scenario described above. The reasoning for the Court's ruling was that any employee who would not have accrued the ten years of minimum creditable service would not be entitled to pension retirement benefits regardless of having being discriminated. However, Plaintiff posits that within this group of excluded former employees there may be a few who re-entered public service and should be allowed to buy back the years in which they were discriminated so that these years can be taken into account in determining whether they meet the ten-year requirement.

Although we believe that the definition of discriminated employees provided in the

**Civil No. 04-2030(SEC)**                                                                                                   5
_____

March 14th Opinion and Order is broad enough to encompass the group of employees for which the EEOC seeks relief in its motion for reconsideration, Plaintiff's concern gives us pause. As such, we will **GRANT** Plaintiff's Motion. Former employees who worked for the government from October 16, 1992 and December 28, 1995, and who, for discriminatory reasons - as explained in our previous Opinion and Order - were not allowed to enter the retirement system, must be allowed to buy back the lost years of creditable service by paying only their share of the contributions. Naturally, this does not affect the former employees' obligations with regards to buying back (for retirement purposes) the years predating the OWBPA.

      Lastly, Defendants also move for the Court to reconsider the entry of partial summary judgment in favor of the EEOC. In doing so they rehash old arguments which were rejected in the March 14th Opinion and Order. Because "a motion for reconsideration may not be used by [a] losing party . . . to repeat old arguments previously considered and rejected by the Court", see, Berríos-Berríos, 205 F. Supp. 2d 1, Defendants' motion is **DENIED**.

                **SO ORDERED.**
In San Juan, Puerto Rico, this 30th day of April, 2007.
                              S/ *Salvador E. Casellas*
                              SALVADOR E. CASELLAS
                              U.S. Senior District Judge