EEOC v. Commonwealth (Joint Revisions July 2008)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x
**EQUAL EMPLOYMENT OPPORTUNITY** :  CIVIL ACTION NO.
**COMMISSION,** :
: 04-2030 (SEC)
       **Plaintiff,** :
:
       v. :
:
**COMMONWEALTH OF PUERTO** :
**RICO, ADMINISTRATION DE HACIENDA,** :
**and ADMINISTRATION DE SISTEMA** :
**DE RETIRO,** :
:
       **Defendants.** :
------------------------------------------------------------x

### CONSENT JUDGMENT

### PART I: GENERAL PROVISIONS

**Section 101: Background**



1.    This action was filed on September 29, 2004 by the Plaintiff Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, against Defendants Commonwealth (the "Commonwealth"), Administration de Hacienda ("Treasury"), and Administration de Sistema de Retiro (Retirement"), alleging that the Commonwealth, Retirement, and Treasury (collectively "Defendants") had violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq., as amended ("ADEA"). The EEOC alleged that, pursuant to *Puerto Rico Law No. 447* (approved May 15, 1951), Commonwealth employees age 55 or older could not become members of Commonwealth retirement systems between October 16, 1992 and December 28, 1995, because of their age.

2.    *Puerto Rico Law No. 255* (approved Dec. 28, 1995) amended the provisions of

1

EEOC v. Commonwealth (Joint Revisions July 2008)

*Puerto Rico Law No. 447* to provide that, as of December 28, 1995, employees age 55 or older could become members of Commonwealth retirement systems. However, pursuant to Law 255 employees age 55 and older were required to pay, in addition to the employee contributions, the employer contributions in order to become members. Employees who had retired between October 16, 1992 and December 28, 1995 could not become members.

**Section 102: Definitions**

3. The following definitions apply to this Consent Judgment:

   A. "Commonwealth" means the Commonwealth of Puerto Rico.

   B. "*Law 447*" means *Puerto Rico Law No. 447* (approved May 15, 1951).

   C. "*Law 255*" means *Puerto Rico Law No. 255* (approved Dec. 28, 1995).

   D. "Employer" means an employer whose employees are or can be affected by the requirements of *Law 447* and/or *Law 255*. Except as specifically set forth below, the term "employer" does not include the University of Puerto Rico.

   E. "Employment" means employment at an employer.

   F. "Employee" means an individual employed by an employer.

   G. "Employer retirement system" means the retirement system to which the employer's employees belong, or could belong if the employee met the non-discriminatory requirements for membership, as affected by the Court's decisions in this matter.

   H. "Commonwealth retirement system" means a retirement system which provides retirement benefits for employees. Except as specifically set forth below, the term "Commonwealth retirement system" does not



2

include retirement systems associated with the University of Puerto Rico.

I. "Employer contributions" means those contributions made by employers on behalf of employees to Commonwealth retirement systems.

J. "Employee contributions" means those contributions made by employees to Commonwealth retirement systems.

K. "Court's decisions" means the decisions in this case made by the Court.

L. "Discriminatory practices" means the employment practices identified as discriminatory by the Court's decisions in the instant lawsuit.

M. "Retirement credit" means credit towards a retirement benefit from a Commonwealth retirement system.

N. "Claims form" means the claims form as prepared by the Special Master.



O. "Claimant" means an employee who has filled out and returned a Claims form.

P. For the purposes of Sections 403 through 408 infra, "receipt" and/or "received" is defined as occurring three (3) days after being mailed via the United States Postal Service.

Q. "Parties" means the EEOC, Commonwealth, Treasury, and Retirement.

R. "Creditable Service" means years of service as an employee for an employer for which an employee can earn Retirement Credits.

**Section 103: The Court's Holdings**

4. In a series of decisions, including but not limited to the Court's March 14, 2007 Opinion and Order (*Docket Entry #93*), as modified by the Court's April 30, 2007 Opinion and Order (*Docket Entry #98*), and September 11, 2006 Opinion and Order (*Docket Entry #90*), the

EEOC v. Commonwealth (Joint Revisions July 2008)

Court held that Defendants had violated the ADEA by the following: (i) not allowing employees age 55 or older to become members of Commonwealth retirement systems between October 16, 1992 and December 28, 1995; (ii) by requiring, as of December 28, 1995, employees age 55 and older to pay the employer contributions in order to become members; and (iii) by not allowing employees who had retired between October 16, 1992 and December 28, 1995, to become members of Commonwealth retirement systems.

**Section 104:   Purpose of Consent Judgment**

5.      The purpose of this Consent Judgment is to effectuate the relief required by the Court's decisions, and this Consent Judgment does not affect or amend, in any way, the Court's previous decisions in this lawsuit. The Commonwealth does not admit that it is liable to any individual or that any individual has suffered damages, nonetheless, in the interest of justice agrees to the terms and conditions herein. The EEOC and Defendants desire to settle this action, and therefore do hereby stipulate and consent to the entry of this Consent Judgment as final and binding between the Parties.

**Section 105:   Other Charges of Discrimination Are Unaffected**

6.      This Consent Judgment resolves all issues raised in EEOC Charges No. 160-A0-2714, 160-A0-2715, and 160-A1-2495, which served as the administrative prerequisites in this case. This Consent Judgment applies to any and all claims filed by the EEOC in the instant lawsuit, and as such all such claims are resolved. This Consent Judgment does not resolve any charge of discrimination currently pending before the EEOC, or any charge that may be filed in the future, other than those charges listed above. The Commission reserves all rights to proceed regarding matters not covered in this Consent Judgment.

EEOC v. Commonwealth (Joint Revisions July 2008)

### Section 106: Full and Complete Agreement

7.  The terms of this Consent Judgment represent the full and complete agreement of the Parties. The Parties agree that this Consent Judgment may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

### Section 107: Permanent Injunctions Against the Application of Either Law 447 and/or Law 255

8.  In accordance with the Court's decisions, Defendants and their employees, managers, officers and agents are permanently enjoined from preventing employees from becoming members of retirement systems because of their age by applying either Law 447 and/or Law 255 in violation of the Court's decisions in this matter.

### Section 108: Obligations Under Federal Law Unaffected

9.  Nothing in this Consent Judgment shall be construed to limit or reduce Defendants' obligations to comply with the statutes enforced by the Commission: ADEA, Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e, et seq., Title I of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., and Equal Pay Act, 29 U.S.C. §206(d). Nothing in this Consent Judgment shall be construed to limit or reduce Defendant's affirmative defenses to the aforestated statutes.

### Section 109: Jurisdiction

10.  The EEOC and Defendants agree that this Court has jurisdiction over the subject matter of this litigation and the Parties for the duration of this Consent Judgment, that venue is proper, and all administrative prerequisites have been met. No party will contest the validity of this Consent Judgment or the jurisdiction of the federal district court to enforce this Consent Judgment and its terms.

11.  The Court will retain jurisdiction over this action for the duration of the Consent

EEOC v. Commonwealth (Joint Revisions July 2008)

Judgment for all purposes including, but not limited to, the entering of all orders, Consent Judgments, and decrees as necessary to implement the relief provided herein. In any action to enforce the terms of this Consent Judgment, the Court will have full authority to order any remedy the Court deems appropriate, including, but not limited to, specific performance.

### Section 110: Implementation of the Consent Judgment

12. The EEOC and Defendants agree to take all steps that may be necessary to fully effectuate the terms of this Consent Judgment.

### Section 111: Amendments to the Consent Judgment

13. By mutual consent of the Parties, this Consent Judgment may be amended in the interest of justice and fairness and to facilitate execution of the Consent Judgment's provisions. No waiver, modification or amendment of any provision of this Consent Judgment will be effective unless made in writing and approved by all Parties to this Consent Judgment.

### Section 112: Severability

14. If one or more provisions of this Consent Judgment are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to insure that the Consent Judgment continues to effectuate the intent of the Parties. The provisions of this Consent Judgment which are not rendered unlawful, unenforceable or incapable of performance as a result of such legislative act or court decision, will remain in full force and effect, and the Parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of the Consent Judgment would be undermined.

### Section 113: Notice to Parties

15. Except as otherwise provided for in this Consent Judgment, all notifications,

reports and communications to the Parties required under this Consent Judgment will be made in writing and will be sufficient as hand-delivered, faxed or sent by express, certified or registered mail to the following persons (or their designated successors):

>For the EEOC: Michael J. O'Brien, Esq.
>33 Whitehall Street, 5th Floor
>New York, New York 10004-2112
>Fax:   (212) 336-3623

>For Defendants: Secretary of Justice or his Assignee
>At the present time is:
>Eduardo Vera Ramírez, Esq.
>Landrón & Vera, LLP
>Attorneys at Law
>100 Carr. 165, Torre 1 Suite 203
>San Juan, P.R.  00968-8048
>Tel.: (787) 774-5959
>Fax: (787) 774-8181

16.   A Party may change such addresses by written notice to the other Parties that sets forth a new address for this purpose. Notwithstanding the provisions for notification contained in Paragraph 16, the Parties may, after agreement memorialized in writing, send each other such notifications, reports and communications by email.

## PART II: NATURE OF RELIEF

### Section 201:   Court's Decisions Unaffected

17.   The Court's decisions relating to this matter are not changed by this Consent Judgment.

### Section 202:   An Employee's Right to Additional Retirement Credit and the Obligations of the Employer and Employee

18.   In accordance with the Court's decisions, retirement credit for employment that took place on or after October 16, 1992 will be awarded to all employees affected by Law 447

EEOC v. Commonwealth (Joint Revisions July 2008)

and Law 255 as identified by the Court's decisions, if the affected employees pay the outstanding employee contributions to their present or previous employers, as appropriate. An employer must make the appropriate employer contribution to the employer's retirement system for any such employee who makes the outstanding employee contribution for the period October 16, 1992 to the present. For purposes of this Section, "employer" will mean any employer to whom Law 255 and Law 477 applies.

### Section 203: An Employee's Right to Retirement Benefits if Employed On or After October 16, 1992

19.  In accordance with the Court's decisions, an employee employed on or after October 16, 1992, who no longer works for an employer and who is not receiving retirement benefits from a Commonwealth retirement system, but who makes the necessary employee contributions and vests in a Commonwealth retirement system pursuant to the terms of this Consent Judgment, is entitled to an award of retirement benefits calculated from the date of his or her retirement, plus interest at the rate as set forth in 28 U.S.C. §1961.

### Section 204: An Employee's Right to Increased Retirement Benefits if Employed On or After October 16, 1992

20.  In accordance with the Court's decisions, an employee employed on or after October 16, 1992, who is no longer working for an employer but who is receiving retirement benefits from a Commonwealth retirement system and who makes additional employee contributions pursuant to the terms of this Consent Judgment, is entitled to an award of increased retirement benefits calculated from the date of his or her retirement, plus interest at the rate as set forth in 28 U.S.C. §1961.

### Section 205: An Employee's Right to a Refund if the Employee Made the Employer's Contribution for Employment On or After October 16, 1992

21.     In accordance with the Court's decisions, an employee employed on or after October 16, 1992, who made the employer's contribution for a period of time after October 16, 1992 is entitled to a refund of said employer's contribution, plus interest at the rate as set forth in 28 U.S.C. §1961.

**Section 206:   Commonwealth Statutes and Procedures Unaffected**

22.     Except as required by the Court's decisions in this matter, the statutes and procedures of the various employers and Commonwealth retirement systems are unaffected by the terms of this Consent Judgment.

## PART III: THE SPECIAL MASTER

**Section 301:   The Special Master**

23.     The Court did not reach the issue of whether or not any given individual employee is entitled to damages under its decisions. Pursuant to Federal Rule of Civil Procedure 53, there will be a Special Master for the purpose of communicating with individual employees, ascertaining whether or not any given individual employee is eligible for relief under the Court's decisions, ascertaining retirement credit owed, and ascertaining amounts of moneys owed and owing under the Court's decisions. The Parties have the right to appear as full Parties at any such proceedings. The Special Master will have the powers set forth in Federal Rule of Civil Procedure 53(a), except any sanctions must be requested from the Court.

**Section 302:   Appointment of the Special Master**

24.     If the Parties cannot agree on the Special Master to be initially appointed as per Section 301 supra, or if the Special Master must be replaced during the duration of the Consent Judgment, the Special Master will be appointed by the Court in the following manner. The Special Master must reside on the island of Puerto Rico. The Commonwealth will submit for the

EEOC v. Commonwealth (Joint Revisions July 2008)

EEOC's consideration four (4) names. If the EEOC agrees to any of the four (4) named persons then that person will be appointed as Special Master. Along with the names will be included the respective proposal of the persons for performing the tasks as Special Master, with their respective rates for fees and expenses. If none are acceptable, then the EEOC must submit four (4) names for consideration to the Commonwealth. Along with the names will be included the respective proposal of the persons for performing the tasks as Special Master, with their respective rates for fees and expenses. If one is acceptable to the Commonwealth, then that person will be selected. If no mutual agreement is reached, then the parties must choose one (1) of the other's four (4) respective candidates to submit to the Court to select one.

**Section 303:   Costs and Fees**

25.   Defendants are responsible for paying the costs and fees of the Special Master.

## PART IV: ELIGIBILITY FOR RELIEF

**Section 401:   Newspaper Advertisements**

26.   Beginning the first Monday after thirty (30) days from the appoint date of the Special Master, he/she will run the Spanish-language advertisement appended as Exhibit A in the following newspapers on Mondays, Wednesdays, and Fridays for three (3) consecutive weeks:

> *El Nuevo Día*
> *El Vocero*
> *Primera Hora*

**Section 403:   Claims Forms**

27.   No later then ninety (90) days of the date of the last newspaper advertisement run pursuant to Section 401, Potential Claimants are required to file their claim with the Special Master. A Claimant can obtain the two-sided English-Spanish Claims Form, to be prepared by

the Special Master with the input of the parties, by contacting the Special Master via either a toll free telephone number and/or a webpage, both maintained by the Special Master. If a Potential Claimant contacts a Commonwealth Retirement System, the System will inform the Potential Claimant that he should contact the Special Master and provide contact information. The Special Master will send the Claims Form within thirty (30) days after a Potential Claimant requests a Claims Form. The Special Master will keep records of all Potential Claimants who contact him or her, and of the Claims Forms sent.

### Section 404: Initial Determination of Eligibility

28. Within thirty (30) days of receipt of a Claims Form, the Special Master will make an Initial Determination regarding the Claimant's eligibility for relief under the Court's Orders and this Consent Judgment. The Special Master will provide a written explanation of his or her Initial Determination to the Claimant and the Parties.

### Section 405: Reconsideration of Initial Determination of Eligibility

29. If the Special Master determines that a Claimant is not eligible, the Claimant may request reconsideration of the Special Master's determination by filing, within thirty (30) days of receipt of the Special Master's determination, a written appeal setting forth the reasons that the Initial Determination should be reversed or altered. The request for reconsideration will be filed with the EEOC at the address set forth in Section 113 supra. The EEOC will notify the Special Master and Defendants of all requests for reconsideration. The EEOC will make a determination as to whether or not a Claimant is eligible within thirty (30) days of receipt of the appeal

### Section 406: EEOC's Request for Reconsideration by Special Master and Court

30. In the event that the EEOC determines that the Special Master's decision that a Claimant is not eligible is in error, the EEOC will, within thirty (30) days of receipt of the

EEOC v. Commonwealth (Joint Revisions July 2008)

Claimant's appeal, file a written request for the Special Master to reconsider his decision. A copy will be sent to Defendants. Defendants will then have thirty (30) days to respond if Defendants so choose. The Special Master will then have thirty (30) days to reconsider the decision. The Special Master's reconsidered decision will be final.

31. If the EEOC determines that the Special Master's decision that a Claimant is not eligible is not in error, the EEOC will inform the Claimant, Special Master, and Defendant of its decision.

### Section 407: Claimants have no Independent Right to Appeal to the Special Master or Court from a Determination that they are not Eligible for Relief

32. A Claimant who receives a Determination that he or she is not eligible for relief does not have the independent right to appeal to the Special Master or the Court. All appeals and/or requests for relief must be initiated and prosecuted by the EEOC.

### Section 408: Processing Claims for Retirement Benefits

33. Once a Claimant applies to an employer and/or employer retirement system for relief under this Consent Judgment, the employer and/or employer retirement system has thirty (30) days to process the claim for retirement benefits in accordance with the Court's decisions and this Consent Judgment. The employer and/or employer retirement system will provide the Claimant with a written explanation of the employee contributions owed by the Claimant to the System, the employer contributions made by the Claimant that are owed to the employee, the retirement benefit, or increase in benefits, that the Claimant is eligible to receive, and the amount of retroactive retirement benefits owed to the Claimant within thirty (30) days of the application.

### Section 409: Appeal of Employer and/or Employer Retirement System's Decision on Amounts Determined Pursuant to Section 408.

34. The Claimant and/or EEOC may appeal the employer and/or retirement system's

decision regarding the Claimant's retirement benefits and amounts owed or owing to the Special Master within thirty (30) days of receipt. Defendants will then have fifteen (15) days from receipt of said appeal to file a written response.

### Section 410:   No Additional Authority of Special Master

35.   The Special Master has only the authority contained herein to address any and all concerns regarding the claims; however, he may not create special remedies to make Claimants whole not contemplated by this Consent Judgment.

### Section 411:   Special remedies are the Exclusive Jurisdiction of the Court

36.   Only the District Court may, in conformity with the applicable case law, grant a special remedy if the same is requested and the facts so warrant it. The request to the Court must be made within fifteen (15) days of the Special Master's Final Decision or the same is waived.

### Section 412:   Right to Appeal to Special Master

37.   A Claimant has the right to appeal directly to the Special Master regarding any matter arising under Sections 408 through 411.

### Section 413:   Missing Personnel Records:

38.   In the event that a Claimant's personnel records are missing, or cannot be obtained from an employer, the Claimant is required to produce a copy of his or her tax records, which may be obtained from Treasury. Production of tax records showing moneys earned from an employer is proof of working. The employer must be a proper entity of the Commonwealth of Puerto Rico, and the records must show years of service creditable towards retirement.

### Section 413:   Equitable Tolling

39.   The time for doing any act under Part IV of this Consent Judgment may be tolled by the Special Master. If not tolled, then the claim will be deemed time barred for all purposes

after ninety (90) days has elapsed from the last newspaper notification.

40. An employer's inability to produce a Claimant's personnel records will toll the applicable period(s) of time until the Claimant produces a copy of his or her tax records with the evidence of the years of service creditable towards retirement.

### Section 414: List of Eligible and Ineligible Claimants

41. The Special Master will send the Parties a list of all eligible and ineligible Claimants on the first and fifteenth of every month.

### Section 415: Reports by Defendants

42. Beginning forty-five (45) days from the date of the notification by the Special Master of the eligible Claimants, and every three (3) months thereafter, Defendants will produce a written report identifying all eligible Claimants and the status of their claims. The report must be filed with the Special Master and through the Court's CM/ECF system. If requested by the EEOC and/or Special Master, Defendants must produce any and all additional requested information regarding their actions under this Consent Judgment. Defendants however, need not produce any documents that are privileged and nothing herein is to be understood to constitute a waiver of the same.

## PART V: ADDITIONAL PROVISIONS

### Section 501: Notice to Employers and Employer Retirement Systems

43. Within thirty (30) days from the date that a copy of this Consent Judgment is sent to the Parties via the Court's ECF system, Defendants will notify all employers and employer retirement systems of the requirements of the Court's Orders and this Consent Judgment by sending each employer and employer retirement system the Notice appended as Exhibit B.

### Section 502: Breach of Part IV of the Consent Judgment

EEOC v. Commonwealth (Joint Revisions July 2008)

44. Should the EEOC believe that Defendants have breached any provision of Part IV of this Consent Judgment, the EEOC will give notice to Defendants detailing the claimed breach. Defendants will have fifteen (15) days from receipt of the notice to cure or respond to the alleged breach. If the issue is not resolved, within ten (10) days from the date of receipt of the Defendant's response, or the lapse of the fifteen (15) days, the EEOC will have the right to apply to the Special Master for relief. The Special Master must make a written determination within five (5) days of the receipt of the EEOC's application. The Parties may move the District Court for relief within ten (10) days from the receipt of the Special Masters decision or the lapse of the five (5) days.

### Section 503: Breach of Remainder of Consent Judgment

45. Should any party to the Consent Judgment believe that another party has breached any provision of Parts I, II, III, and/or V of this Consent Judgment, the party may request relief directly from the Court, which can order and grant any and all such relief as appropriate.

### Section 504: Costs and Attorneys Fees

46. Except as otherwise provided in this Consent Judgment, each party will bear its own costs and attorneys fees.

### Section 505: Compliance and Dismissal with Prejudice

47. Only those individuals who file a claim as specified herein within ninety (90) days after the last newspaper advertisement is published will be entitled, if eligible, to the relief agreed upon by the parties.

48. Once all eligible claimants have had their claims reviewed and adjudicated, the Special Master will so inform the Court, and unless no party objects within ten (10) days, this

EEOC v. Commonwealth (Joint Revisions July 2008)

Consent Judgment will expire.

                              Equal Employment Opportunity Commission

By:   Elizabeth Grossman
        Regional Attorney

Date: _____

Commonwealth of Puerto Rico
Administración de Hacienda
Administración de Sistema de Retiro

By:   Eduardo Vera Ramírez, Esq.
        Landrón & Vera, LLP.
        Attorneys at Law
        100 Carr. 165, Torre 1 Suite 203
        San Juan, P.R. 00968-8048
        Tel.: (787) 774-5959
        Fax: (787) 774-8181

Date: 3 Sept 08

SO ORDERED

this \_\_\_\_\_ day of _____, _____

_____
Salvador E. Casellas
United States District Judge